The opinion of the court was delivered by
Mark, J.
Under an execution on a judgment in favor of Imboden, against Mrs. Amanda L. Miller, the sheriff seized and was about to sell certain real property in Richland parish. Renshaw, Cammack & Co., claiming to be the owners of the property, under a conveyance from Montgomery, who purchased at a tax collector’s sale, brought this suit to enjoin further proceedings by the sheriff.
Judgment was taken by default, and confirmed, declaring Renshaw, Cammack & Co. to be the true and legal owners of the property: and perpetuating the injunction. Imboden 'appealed.
The proof of title on which the default was confirmed consisted of the tax collector’s deed, and the Auditor’s confirmative deed, to Montgomery; and the conveyance by Montgomery to Renshaw, Cammack & Co. Part of the property described in these conveyances, the west half of the southwest quarter of section six, is not the north half of the same quarter, seized by the sheriff under Imboden’s suit; but there are two fatal defects, disclosed in the tax collector’s deed, which make it unnecessary for us to pass upon the other matters set up by appellant. We deem it proper to say, however, that the records and proceedings in two other suits, made part of and filed with the petition of appeal, are no part of the evidence in the cause; and they cannot be considered for any purpose on this appeal.
The collector states, in his deed, that he proceeded under Act No. 47, of 1873: that he made the necessary publications in the Richland Beacon cn the 29th November, and sold the property on the 9th December: that the seizure was made for the payment of taxes due by B. R. Miller, for the years 1873,1874, 1875, amounting, with penalties, costs *662 and charges, to $97 86; and that he adjudicated the property to Montgomery, the last and highest bidder, for the sum and price of $36 35.
First. Section one of the act 47, of 1873, requires the tax collectors to sell “ after advertising three times, within ten days, in the official journal, and in the country parishes where such publications cannot be made by public notice for such ten days." We interpret this to mean that whether the notice be by publication, or by posting, there must be ten clear days between the first appearance of the notice and the sale; and, as the deed makes no reference to any other publication than that made in the Beacon on the 29th November, the sale could not have been lawfully made before the 10th of December.
Second. Section nine of the act provides that if the highest bid for the property offered for sale, for non-payment of the taxes, should be insufficient to pay the taxes proceeded for, and the penalties, and costs, charges and expenses, such bid shall be rejected. In such case, the collector may bid in the property for the State; but he cannot adjudicate it to a bidder for anything less than the amount due the State for taxes, with the penalties, and the costs, charges and expenses. The deed shows that the price of the adjudication to Montgomery was less than half the amount required. The sale was an absolute nullity; and Montgomery acquired no title, and could not convey title to his vendees. Renshaw, Cammack & Co.
We are not to be understood as questioning the correctness of our decisions in Lannes vs. Workingmen’s Bank, 29 An. 112, and Jurey & Gillis vs. Allison, 30 An. 1234. In Lannes’ case, the bank, a mortgage creditor of Blaize Lannes, seized the mortgaged property under executory process. Pierre Lannes enjoined, alleging that he was the owner of the property, under the deeds of the tax collector and the Auditor. The bank answered that the collector had no authority to give the title; that the property when sold did not belong to the person in whoso name it was assessed; and that the collector’s deed was, therefore, void, There was no apparent nullity or defect in the deed itself; and we held that the mortgage creditor could not ignore the apparently valid tax title, and seize the property as if no such title existed; and that he must proceed by direct revocatory action.
In the case of Jurey & Gillis, a judgment creditor seized the land under execution; and Jurey & Gillis enjoined, claiming title under the deeds of the tax collector and the Auditor. The seizing creditor relied upon causes of nullity not apparent in the deeds, irregularities on the part of the officer making the sale. We held that, as the constitution, art. 118, makes the tax collector’s deed prima facie evidence of a valid sale, it must be presumed to be valid until it is annulled in a direct revocatory action.
*663 The present case differs in that the deed itself discloses, on its face, the absolute nullity of the sale. Where the alleged nullity of the tax deed depends upon proof dehors the instrument, it must be received and treated as evidence of a valid sale, until the contrary is shown; but where, as in this case, the deed contains all the evidence of its nullity, it is not necessary to attack it, by suit, or to have the nullity declared judicially.
The judgment appealed from is therefore annulled, avoided and reversed; and it is now ordered, adjudged and decreed that the injunction herein granted be dissolved; that the demand of plaintiffs, Benshaw, Cammaek & Co., be rejected, and their suit and petition be dismissed; and that they pay the costs in this court and in the district court.